*L. A. Thomas*, for defendant.

---

## HARRINGTON v. CUBBAGE.

Where a bill shows equity on its face, and is only defective in part, a general demurrer to the entire bill should be overruled.

When a bill discloses a remedy for complainant under the statutory actions of right, or of ejectment, and fails to show that the title could not be settled at law so as to prevent a multiplicity of suits, it may be dismissed.

In Equity. *Appeal from Jackson District Court.*

*Opinion by* GREENE, J. Bill filed with a prayer to grant and secure title by decree to the S. E. ¼ of S. E. ¼ of section 13, in T. 85, N. of R. 4, E. of 5th P. M. The bill states that one Eno obtained judgment against Cubbage, Sr., in Wisconsin in 1841; and on the transcript thereof judgment was recovered against said Cubbage in Jackson county, Iowa, in June 1847, for $112 37. That in October, 1841, said Cubbage entered the N. E. ¼ of the N. E. ¼ of section 13, and in September, of that year, H. Palmer entered the land in question, and that before the entry he agreed, by bond, to convey the same to said Cubbage, and that the

---

---

consideration was paid to Palmer by Cubbage in September 1844. That execution issued on said judgment, and the two forty acre lots were sold to complainant for the sum of $150, on the 9th of September, 1847; that fifteen months having elapsed without redemption the sheriff executed to him a deed. The bill claims that Harrington is entitled to the land, that said Cubbage Sr., was, and had been before the judgments, involved, in debt to a greater amount than he was able to pay; that he delayed having the deed from Palmer executed to him, for the purpose of hindering his creditors, and that with like view he pretended that his son, Geo. Cubbage, Jr., was owner of the land. That Cubbage, Sr., died in 1849, and thereafter his said son instituted suit to compel Palmer to convey to him, and obtained a decree, but that complainant was not a party to the proceeding. The bill then states that Cubbage, Jr., pretends to be the owner of the two tracts of land, and that by reason of such pretensions, and attempts to exercise rights of ownership, he has cast a cloud and doubt over his title to the premises; and concludes with a prayer that Cubbage, Jr., may be treated as trustee in regard to the land, and for a decree of title and possession of the premises to complainant.

This bill was dismissed on demurrer in the court below. Complainant now seeks to reverse this decision, and claims that there is equity in the bill, and that it is not demurable. It is true where there is a demurrer to an entire bill which shows equity on its face, and is defective in part only, that it should be overruled. But this rule cannot control the decision in this case. The demurrer is to the whole bill, and virtually alleges that it contains no averments which confer equity jurisdiction. The object sought in the bill, is to remove a cloud from complainant's title; and this object may be secured by a party *in possession* of the premises to which another person may claim title. Rev. Stat. 110, § 35. But in this case the bill shows that complainant is not

in possession, and prays that he may have possession from defendant. If complainant has title, and defendant possession under an assumed title only, it is clear that he has a complete and adequate remedy at law. There is nothing in the bill to show that the cloud upon the complainant's title could not be removed by an action of right or an action of ejectment; or that the title could not be settled so as to prevent a multiplicity of suits without the aid of chancery.

But it is argued that complainant acquired only an equitable interest in the land which he purchased under the valuation law, and that a mere equitable title cannot be enforced in a court of law. The act to allow and regulate the action of right provides that the proper remedy for recovering any interest in lands, tenements, or herediti-ments shall be by an action of right. Rev. Stat. 527, § 1. The second section provides that a valid subsisting interest in the property claimed will enable a party to recover in this action, and nothing less than a valid subsisting interest would justify a recovery in equity. As the action of right extends to any interest in land it necessarily comprises an equitable interest.

We conclude, then, that a court of law is fully competent .) administer justice in the premises, and that the facts ·lleged in the bill do not entitle complainant to the relief : )ught.

Decree affirmed.

*P. & J. M. Smith*, for appellant.

*L. Clark*, for appellee.